**S.P., a Citizen of Takoma Park, Maryland**

v.

**The CITY OF TAKOMA PARK, MARYLAND, et al.**

Civil No. JFM–95–1295.

United States District Court, D. Maryland.

Jan. 13, 1997.

Mark Hager, Washington College of Law, Washington, DC, for Plaintiff.

Daniel Karp, Allen, Johnson, Alexander & Karp, PA, Baltimore, MD, Shadonna E. Hale, Rockville, MD, for Defendants.

## MEMORANDUM

MOTZ, Chief Judge.

This action has been brought by Susan Peller who alleges that her federal and state constitutional rights were violated and that several common law torts were committed against her when she was involuntarily transported and detained for an emergency psychiatric evaluation. On December 4, 1995, I entered a memorandum and order dismissing all of plaintiff's claims other than her federal constitutional claims against the City of Takoma Park. Discovery has now been completed, and the City of Takoma Park has moved for summary judgment.

Plaintiff has abandoned many of the constitutional claims that she was originally asserting, including claims that she was subjected to a coerced interrogation and that her involuntary commitment resulted from gender-based discrimination. The only claim that she is now asserting is based upon a convergence of substantive due process requirements and the Fourth Amendment probable cause requirement (incorporated by reference into the Fourteenth Amendment). Her argument is quite straightforward. It proceeds from two premises. First, relying upon *O'Connor v. Donaldson,* 422 U.S. 563, 575–76, 95 S.Ct. 2486, 2493–94, 45 L.Ed.2d 396 (1975) and *Foucha v. Louisiana,* 504 U.S. 71, 75–76, 86, 112 S.Ct. 1780, 1783, 1788–89, 118 L.Ed.2d 437 (1992), she asserts that an involuntary detention for mental evaluation or treatment is justified only if (1) the person being detained is suffering from a mental illness, (2) he poses a clear and imminent threat of serious harm to himself or others, and (3) no less restrictive alternative to involuntary detention is reasonably available. Second, she posits that it is well established that the forcible detention of a person for an emergency psychiatric evaluation is "directly analogous to a criminal arrest and must therefore be supported by probable cause." *Gooden v. Howard County, Md.,* 917 F.2d 1355, 1362 (4th Cir.1990), *rev'd on other grounds,* 954 F.2d 960 (1992) (*en banc*); *Villanova v. Abrams,* 972 F.2d 792 (7th Cir. 1992); *Harris v. Pirch,* 677 F.2d 681 (8th Cir.1982); *Pino v. Higgs,* 75 F.3d 1461 (10th Cir.1996); *Gross v. Pomerleau,* 465 F.Supp. 1167, 1171 (D.Md.1979). Therefore, plaintiff reasons, her detention by the police officers was unconstitutional since they lacked probable cause to believe that she suffered from a mental illness, that she was in clear and imminent danger of hurting herself or others or that less restrictive alternatives to her commitment were not available.[1]

Plaintiff's claims against the individual officers have been dismissed on the ground of qualified immunity. Therefore, in order to establish her constitutional claims against the City, plaintiff must also prove that the constitutional deprivations of which she complains were caused by an unconstitutional policy or custom of the municipality. *See Monell v. Dept. of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 2037–38, 56 L.Ed.2d 611 (1978). The record establishes that Takoma Park has adopted as its own policy concerning involuntary commitments for psychiatric examination the relevant provisions of the Maryland Code relating to emergency evaluations. *See* Maryland Code Annotated, Health–General I §§ 10–620, *et seq.* The Maryland statute authorizes police officers who have personally observed the individual whose commitment is in question to file a petition for emergency evaluation if the officer "has reason to believe that the individual has a mental disorder and that there is a clear and imminent danger of the individual's doing bodily harm to the individual or another." Sections 10–622(a) and (b)(2). "Mental disorder" is defined by the statute to mean, *inter alia,* "to a lay petitioner who is submitting an emergen-

---

1. Plaintiff also contends that as part of their training officers should have been instructed to make inquiries of the relatives of the individual before transporting her for an emergency psychiatric evaluation. However, as the Tenth Circuit has recently stated, "simply because ... [plaintiff] and her family insisted that she was not mentally ill and did not need to be taken to the hospital does not make the officers' actions unreasonable." *Pino v. Higgs,* 75 F.3d at 1468.

cy petition, a clear disturbance in the mental functioning of another individual." Section 10–620(e)(1)(i). The statute goes on to require that an individual who has been transported for an emergency evaluation must be evaluated by a physician within six hours "to determine whether the emergency evaluee meets the requirements for involuntary admission." Section 10–624(b)(2).

■ Against this background it can been seen that, at least as a matter of abstract logic, plaintiff's argument is not without force. The statutory scheme that the City of Takoma Park has adopted as its own policy sets a standard of "reason to believe"—a standard that on its face would seem to be less than probable cause. Thus, a literal reading of the precedents provides support for plaintiff's position. It may be that what this demonstrates is that the appellate courts have been somewhat careless in suggesting that any detention for a psychiatric evaluation, regardless of the duration and purpose of the detention, must be justified by probable cause. That standard is virtually, if not entirely, impossible to meet when a lay person must make a judgment as to an individual's mental state under emergency conditions. Arguably, the expression of opinion by a mental health professional that an individual is suffering from a mental disorder is necessary to establish probable cause. However, a mental health professional obviously cannot render an opinion unless she has had an opportunity to examine the individual.

I would therefore be prepared to hold that the standard of "reason to believe" set forth in the Maryland statute, even if something less than probable cause, is sufficient when a police officer is only temporarily detaining an individual for the purpose of transporting him for a psychiatric examination that must, in accordance with the dictates of the statute, be conducted expeditiously. The ultimate question under the Fourth Amendment is whether a seizure is "reasonable," and in my judgment it clearly is not unreasonable to permit a police officer, confronted with a person whom he believes to be suffering from a mental disorder and posing a danger to herself or to others, to transport that individual to a hospital for the purpose of having a mental health professional conduct a prompt examination for the very purpose of determining whether what the officer reasonably believes is true.[2]

■ In any event, even if the Maryland statute that the City of Takoma Park has adopted as its policy could be unconstitutionally implemented, plaintiff's claim against the City fails. A necessary element of plaintiff's proof is that Takoma Park's allegedly unconstitutional policy caused her damages. *See generally, City of Oklahoma City v. Tuttle,* 471 U.S. 808, 823–24, 105 S.Ct. 2427, 2436–37, 85 L.Ed.2d 791 (1985); *Spell v. McDaniel,* 824 F.2d 1380, 1387–88 (4th Cir.1987). Obviously, if the police officers did have probable cause to detain plaintiff and transport her to a hospital for an emergency psychiatric examination, the City's allegedly unconstitutional policy of requiring something less than probable cause did not cause her injuries. She would have been detained and transported pursuant to the policy that she claims should have been in effect. Although I was not prepared to so find in ruling upon defendants' original motion to dismiss, *see* December 4, 1995 opinion at 13, I am now persuaded that the very fact that the two physicians who first examined plaintiff when she was taken to the hospital certified that she was "depressed/suicidal" establishes, albeit after-the-fact, that the officers had probable cause to detain plaintiff temporarily and transport her to the hospital. I also note that although plaintiff had testified that she "clearly and consistently said in all communications [with the police officers] that ... [she] would never commit suicide or harm ... [herself]," she has never directly contradicted the officers' testimony that she said, "I want to leave this earth," "I don't want to be here," and "I will not be around when my children get home."

**2.** Another way to analyze the issue which perhaps squares more easily with precedent (but may seem somewhat disingenuous) is to say that probable cause is the governing standard but that probable cause exists for a police officer (at least one who is not also a mental health professional) to detain temporarily and transport to a physician an individual for an emergency psychiatric evaluation if the officer has reason to believe that the individual has a mental disorder and poses an imminent danger to himself or others.

Although these statements may only have reflected that plaintiff was emotionally distraught, they were subject to a different interpretation by concerned laymen.

A separate order granting the motion for summary judgment filed by the City of Takoma Park is being entered herewith.

## ORDER

For the reasons stated in the memorandum entered herewith, it is, this 13th day of January, 1997,

ORDERED.

1. The motion for summary judgment filed by the City of Takoma Park is granted; and

2. Judgment is entered in favor of the City of Takoma Park against plaintiff.